7

DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
JOSHUA DALAVAI (Bar No. 339840)
jdalavai@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Plaintiff,
DGNC HOMES, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RONALD HAPPE,<br><br>          Debtor.<br><br>_____<br><br>DGNC HOMES, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD HAPPE,<br><br>          Defendant. | Case No. 24-22039<br>Chapter 7<br><br>Adv No.<br><br>**NON-DISCHARGEABILITY COMPLAINT**<br><br>Judge:    Christopher M. Klein |

Plaintiff DGNC Homes, LLC hereby alleges claims for relief against defendant and debtor Ronald E. Happe as follows:

**THE PARTIES**

1.      Creditor-Plaintiff DGNC Homes, LLC ("Plaintiff") is a limited liability corporation formed and conducting business in the State of California.

2.      Debtor-Defendant Ronald E. Happe ("Defendant") is an individual who Plaintiff alleges, on information and belief, resides in Sacramento County, California.

///

4531357.1

NON-DISCHARGEABILITY COMPLAINT

**JURISDICTION AND VENUE**

3. On May 13, 2024, Defendant filed a voluntary petition under Chapter 13 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California.

4. On September 26, 2024, Defendant voluntarily converted his initial Chapter 13 bankruptcy proceeding to a Chapter 7 proceeding, and correspondingly filed Amended Schedules.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) as these claims "arise under" the Bankruptcy Code.

6. This matter is a "core" proceeding because the claims seek a declaration of non-dischargeability under 28 U.S.C. § 157(b)(2)(I).

7. Venue is proper in this Court under 28 U.S.C. § 1409(a) as Defendant's main Chapter 7 bankruptcy case is pending in this District.

8. Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

**GENERAL ALLEGATIONS**

**A.     The Parties' Agreements and Amendments Thereto**

9. In or around February of 2018, Plaintiff and Defendant, through his company Main Street Asset Solutions, Inc., a Nevada corporation, entered into an agreement in which Defendant agreed to sell, and Plaintiff agreed to purchase, a block of non-performing promissory notes and deeds of trust for a total sum of $600,000.00 ("Acquisition Agreement"). Pursuant to the Acquisition Agreement, Defendant further agreed to provide loan servicing services to Plaintiff.

10. As part of the Acquisition Agreement, Plaintiff advanced and loaned the sum of $600,000.00 to Defendant so that Defendant could complete the acquisition of the non-performing promissory notes and deeds of trust ("Subject Loan").

11. Defendant breached the terms of the Acquisition Agreement by failing to acquire suitable non-performing promissory notes and deeds of trust in accordance with the terms of the Acquisition Agreement and by failing to return the sum of $600,000.00 to Plaintiff.

12. On or about November 15, 2018, Defendant executed a promissory note, wherein Defendant agreed to pay to Plaintiff the principal sum of $600,000.00, together with interest at a

_DOWNEY BRAND LLP_

4531357.1

2

NON-DISCHARGEABILITY COMPLAINT

DOWNEY BRAND LLP

rate equal to 6% per year, until December l, 2019 when the entire principal amount became due ("Original Note").

13. Defendant breached the terms of the Original Note by failing to pay the principal sum of $600,000.00 to Plaintiff on or before December 1, 2019.

14. On or about January 16, 2020, the parties entered into an amendment to the Original Note, wherein the maturity date for the repayment of the principal amount would be extended to February l, 2020 ("First Amendment").

15. Defendant breached the terms of the First Amendment by failing to pay the principal sum of $600,000.00 to Plaintiff on or before February 1, 2020.

16. On or about April 1, 2020, Defendant and Plaintiff entered into a second amendment to the Original Note, wherein the Parties agreed that: (1) the annual interest rate under the terms of the Original Note would be increased to 10% beginning on April 1, 2020; (2) the maturity date for the repayment of the principal amount would be extended to September 1, 2020; and (3) Defendant would pay an additional sum of $6,000 to Plaintiff by September 1, 2020 as a late penalty fee ("Second Amendment").

17. Defendant breached the terms of the Second Amendment by failing to pay the principal sum of $600,000.00 to Plaintiff on or before September 1, 2020.

18. On or about September 20, 2020, Defendant and Plaintiff entered into a third amendment to the Original Note, wherein the Parties agreed that: (1) if, and only if, Defendant could make a single partial principal payment in the amount of $200,000.00 by October 31, 2020, the maturity date for the repayment of the principal amount would be extended to March 1, 2021; and (2) Defendant would pay an additional sum of $10,000 to Plaintiff by March 1, 2021 as a further late penalty fee ("Third Amendment").

19. Defendant breached the terms of the Third Amendment by failing to make the single partial principal payment in the amount of $200,000.00 by October 31, 2020 and by failing to pay the $10,000 penalty fee.

20. On or about November 2, 2020, Defendant and Plaintiff entered into a supplemental agreement to the Third Amendment, wherein the Parties agreed that: (1) the deadline to make the

4531357.1

3

NON-DISCHARGEABILITY COMPLAINT

single partial principal payment in the amount of $200,000.00 would be extended to November 30, 2020; and (2) Defendant would pay an additional sum of $2,000 to the Plaintiff by November 30, 2020 as a further late penalty fee ("Supplement to Third Amendment").

21. Defendant breached the terms of the Supplement to Third Amendment by failing to make the single partial principal payment in the amount of $200,000.00 by November 30, 2020 and failing to pay the $2,000 penalty fee.

22. The total amount due to Plaintiff from Defendant pursuant to the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note is (1) the principal sum of $600,000.00; (2) penalty fees in the sum of $11,000.00; and (3) 10% interest beginning from April 2020, in accordance with the terms of the Second Amendment.

**B.  The State Court Action and Judgment**

23. On March 4, 2021, Plaintiff filed a lawsuit against Defendant in the Superior Court of California, County of Los Angeles (Case No. 21STCV08484), seeking recovery for the aforementioned amounts pursuant to the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note ("State Court Action").

24. On or about March 21, 2022, the parties filed a stipulation for entry of judgment in the State Court Action, pursuant to which judgment would be entered for Plaintiff in the principal amount of $661,000.00, plus interest at an annual rate equal to ten percent (10%) per year beginning on April 1, 2022, upon Defendant's default under a separate settlement agreement executed by the parties ("Settlement Agreement").

25. On or about September 13, 2023, the state court granted Plaintiff's motion to enforce the Settlement Agreement following Defendant's breach of the same, and subsequently entered judgment in favor of Plaintiff for the amount of $661,000.00, in addition to interest at an annual rate equal to ten percent (10%) per year beginning on April 1, 2022 ("State Court Judgment").

26. Defendant has listed the amount of the State Court Judgment, $661,000.00, in his Amended Summary of Schedules, Schedule E/F, with Plaintiff as a nonpriority unsecured creditor. Docket No. 59.

///

DOWNEY BRAND LLP

# FIRST CLAIM FOR RELIEF

## (Non-Dischargeable Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

27.     Plaintiff incorporates and restates the allegations in each of the above Paragraphs as though fully set forth herein.

28.     A prima facie claim for non-dischargeability under § 523(a)(2)(A) requires demonstrating (1) the debtor made representations; (2) knowing they were false; (3) the debtor made false representations with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss and damage as a proximate result of the representations.  See *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010).

29.     Defendant intentionally and falsely misrepresented multiple statements for at least two years: (1) that Defendant would make timely payments towards the principal amount due under the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note; (2) that Defendant would make timely interest payments on the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note; and (3) that Defendant would pay penalty fees incurred pursuant to the terms of the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note.

30. Plaintiff justifiably and reasonably relied on Defendant's aforementioned representations that he would make timely payments pursuant to the Acquisition Agreement, Subject Loan, Original Note, and subsequent amendments to the Original Note.  Had Plaintiff known such representations were false, Plaintiff would not have continued to agree to numerous extensions of time for Defendant to make payments.

31.     Defendant's activities described herein were conducted with knowledge that he was engaging in false representations for the purpose of deceiving Plaintiff and inducing reliance from Plaintiff.

32.     The State Court Judgment is one for money, property, or services obtained by false pretenses, false representations, or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).  Due to Defendant's intentionally fraudulent misrepresentations, Plaintiff alleges that it suffered damages subject to proof, but no less than $661,000.00.

DOWNEY BRAND LLP

## SECOND CLAIM FOR RELIEF

### (Non-Dischargeable Debt Pursuant to 11 U.S.C. § 523(a)(6))

33. Plaintiff incorporates and restates the allegations in each of the above Paragraphs as though fully set forth herein.

34. "Section 523(a)(6) of the Bankruptcy Code provides that a debt for 'willful and malicious injury by the debtor to another [or to the property of another]' is not dischargeable in bankruptcy." *In re Bailey*, 197 F.3d. 997, 1000 (9th Cir. 1999).

35. Defendant acted willfully by accepting the Subject Loan from Plaintiff, with the understanding that the funds were to be used to purchase non-performing promissory notes and deeds of trust for Plaintiff. Defendant thus knew that his failure to obtain those instruments and his retention of the amount of the Subject Loan would harm Plaintiff by preventing it from obtaining the benefit of its bargain in entering the Acquisition Agreement.

36. Defendant also acted maliciously, in that he accepted the amount of the Subject Loan from Plaintiff, but did not utilize those funds for their stated purpose. This act was done intentionally, given Defendant knew the purpose and conditions of the Acquisition Agreement and Subject Loan, yet failed to abide by them and retained the funds. The ensuing injury to Plaintiff is apparent: Plaintiff has not only lost $600,000.00, it also does not have the instruments it relied on Defendant to acquire. Defendant has not articulated any just cause or excuse for his retention of the funds and failure to acquire the agreed-upon instruments, nor could he; the parties entered into a series of contracts, and there has been no modification to those agreements that changed Debtor's key obligations of repayment.

37. Consequently, the State Court Judgment is one for willful and malicious injury by the Defendant to the property of another entity and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Due to Defendant's injurious and malicious actions, Plaintiff alleges that it suffered damages subject to proof, but no less than $661,000.00.

## PRAYER FOR RELIEF

1. For a determination that any and all debts owing to Plaintiff from Defendant are exempt from discharge and are not dischargeable in this bankruptcy case or any other bankruptcy

DOWNEY BRAND LLP

4531357.1

6

NON-DISCHARGEABILITY COMPLAINT

case filed by Defendant pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(6);

2. For judgment in favor of Plaintiff and against Defendant in an amount to be proven at trial;

3. For punitive damages;

4. For accrued interest, court costs, and attorney's fees as allowable by law;

5. For any such other and further relief as the Court may deem just and proper.

DATED: December 27, 2024      DOWNEY BRAND LLP

By:      /s/ Jamie P. Dreher
           JAMIE P. DREHER
           Attorneys for Plaintiff,
           DGNC HOMES, LLC

DOWNEY BRAND LLP

4531357.1

7

NON-DISCHARGEABILITY COMPLAINT